UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20468-CR-COOKE

UNITED STATES OF AMERICA

vs.

ALTAF KHANANI,

       Defendant.
_____/

**FACTUAL PROFFER FOR CHANGE OF PLEA**

*Should this matter have proceeded to trial, the Government's evidence would establish beyond a reasonable doubt the following:*

1. Beginning in December of 2014, a confidential informant (hereinafter referred to as "CI"), who had conducted previous money transactions with the defendant, introduced a Drug Enforcement Administration (DEA) undercover agent (UC) to the defendant. The UC told the defendant s/he had United States currency that needed to laundered out of the United States. The UC represented the money was proceeds from the distribution of controlled substances. The UC indicated s/he was in the United States and needed the funds wired into a bank account in Miami, Florida. The defendant would be responsible for depositing the drug proceeds via bank wires from foreign business account in an effort to conceal and disguise the nature, source, ownership, and control of the funds. The defendant agreed to do so, and the various transactions are depicted in counts 2 through 14 of the indictment. The money pickups occurred in New York/New Jersey, Dallas, Texas, Houston, Texas, and Atlanta, Georgia. To facilitate each of the money pickups, the defendant would provide the UC with the courier's contact information and a "token" (a serial



number from a bill given to the person picking up the money and to the person delivering the money, so they can verify one another BEFORE the money is transferred).  During the thirteen transactions charged in the indictment, DEA agents met with approximately a dozen couriers in the aforementioned cities. The defendant's commission was 3%.

2. As an example, on January 7, 2015, the UC and the defendant arranged for $100,000 in United States currency to be picked up in New Jersey.  The pickup occurred in the parking lot of a Dunkin Donuts in North Arlington, New Jersey.  The courier provided a token to the undercover law enforcement officer (photograph of the serial number from a dollar bill), and the undercover law enforcement officer matched that token with the token provided by the defendant.  Once the token was confirmed, the undercover law enforcement officer handed the courier a black duffle bag containing $100,000 in United States currency.  The UC and the defendant communicated repeatedly via telephone that the money pickup had occurred and discussed future pickups of narcotics proceeds.  On January 12, 2015, $96,936 was wired into the DEA Bank of America account in Miami, Florida.  As an additional example, on January 13, 2015, $200,000 in United States currency was picked up in New Jersey. $193,726 was wired into the DEA Bank of America account in Miami, Florida on January 26, 2015.  There were numerous recorded and monitored conversations between the UC and the defendant between January 13th and January 26th about the delay in the money being wired.  In those conversations, the UC again made it clear the proceeds were drug proceeds.  The remaining eleven transactions were conducted in a nearly identical fashion throughout the dates of the conspiracy in the aforementioned cities.

3. Through the thirteen transactions charged substantively in the indictment, a total of $1,200,000 was delivered to various couriers provided by the defendant to the UC. Of that

$1,200,000 delivered to the various couriers, $1,153,870.86 (less $46,129.14) was wired into the DEA Bank of America accounts in Miami, Florida. All of the telephone conversations were recorded and/or monitored. All of the text/BBM messages were retained. All of the Skype sessions were recorded as well. During those sessions, the defendant is easily identified as the person communicating with the UC. During those sessions, the previous transactions (as well as future transactions) are discussed in detail, confirming the defendant was the person with whom the UC had been communicating through the duration of the conspiracy. All of the monies were wired into one of several DEA accounts all located in Miami-Dade County, Southern District of Florida.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: OCT. 27, 2016

By: /s/ Bruce O. Brown
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY

Date: Oct 28, 2016

By: /s/ Mel S. Black
MEL S. BLACK
ATTORNEY FOR DEFENDANT

Date: Oct 28, 2016

By: /s/ Altaf Khanani
ALTAF KHANANI
DEFENDANT